IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                    Plaintiff,

          v.                                          OPINION and ORDER

JENNIFER NASH, MICHAEL BRAND,                         25-cv-255-jdp
and OFFICER ARNOLD,

                    Defendants.

---

Plaintiff Jovan Williams, proceeding without counsel, is a prisoner at Columbia Correctional Institution. Williams alleges that defendants, who are all prison staff, used excessive force against him by slamming his head against a desk and striking him in the face while he was restrained. Williams's complaint is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. Williams also moves for a preliminary injunction requiring prison staff to use soft restraints and to avoid handcuffing Williams behind his back. Dkt. 5.

Under §1915(e)(2) and §1915A, I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for money damages. In doing so, I must accept Williams's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I conclude that Williams has stated claims against each of the defendants for excessive force under the Eighth Amendment and for assault and battery under Wisconsin law. As for Williams's motion for a preliminary injunction, I will deny that motion because Williams has not shown that he is likely to suffer irreparable harm in the absence of the preliminary relief.

ALLEGATIONS OF FACT

I draw the following facts from Williams's complaint, Dkt. 1, and presume them to be true for the purpose of screening the complaint. These events occurred at Columbia Correctional Institution, where Williams is a prisoner.

On May 4, 2024, Williams told defendant Brand, a prison employee, that Williams was feeling suicidal. Brand applied a restraint tether, removed Williams from his cell, and took him to an interview room. Once in the interview room, Brand wrapped the tether tightly around either a stool or chair, limiting Williams's freedom of movement.

Defendants Arnold and Nash came into the interview room. Suddenly, all three defendants attacked Williams by slamming his head against a desk. Brand also struck Williams in the face with his open hand several times, causing Williams's mouth to bleed. Defendants' attack left Williams with injuries to his head, neck, and hands, some of which caused permanent injury.

ANALYSIS

A.  Screening

Williams brings claims against defendants for excessive force under the Eighth Amendment and for assault and battery under Wisconsin law.

In a claim for excessive force under the Eighth Amendment, the question is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 320 (1986). Williams has stated a claim under this standard against each of the defendants. He says that defendants slammed his head against a desk and that Brand struck Williams in the face with

his open hand, causing Williams permanent injury. Williams says that he was restrained and unable to move freely at the time, so I can infer that defendants' actions were not necessary to maintain or restore discipline.

Williams also says in his complaint that he is asserting claims under Wisconsin state law for assault and battery. I can exercise supplemental jurisdiction over his state-law claims because they are based on the same conduct that underlies his federal claims. 28 U.S.C. § 1367(a). Assault and battery occurs when someone intentionally causes bodily harm to another. Wis. JI-Civil 2004 (assault); Wis. JI-Civil 2005 (battery). I will allow Williams to proceed on assault and battery claims against the defendants for the same reason as his excessive force claims.

## B. Preliminary injunction

Williams asks me to issue a preliminary injunction ordering defendants and other prison staff to "stop their actions," implement a "cuff-to-the-front" restriction when handcuffing Williams, and use only soft restraints when removing Williams from his cell. Dkt. 5. Williams explains that he experienced severe emotional distress from defendants' attack on May 4, 2024, and suffers symptoms of post-traumatic stress disorder when he is restrained.

 "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656 (7th Cir. 2015). To get a preliminary injunction, Williams must make a threshold showing of three things: that (1) he has a reasonable chance of success on his underlying claims; (2) he cannot get an adequate remedy without the injunction; and (3) he would suffer irreparable harm without the injunction. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012). Even if Williams makes this showing, I must still balance the harm that

3

denying the injunction would cause to Williams against the harm that granting the injunction would cause to defendants. *Id.* And I must assess the requested relief against the requirements of the Prison Litigation Reform Act, which provides that injunctive relief to remedy prison conditions must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

I will deny Williams's motion for a preliminary injunction because Williams has not shown that he would suffer irreparable harm or that he cannot get an adequate remedy without the injunction. Williams does not say that defendants are currently violating his rights, so he doesn't need an injunction ordering defendants to "stop their actions." As for the cuff-to-the-front and soft restraint restrictions, Williams explains that he needs these to protect his mental health. But the events in Williams's complaint happened more than a year ago. Williams does not explain why he needs these restrictions now or why there is no other adequate remedy for his mental health symptoms, such as receiving mental health treatment.

Williams has also filed a motion for emergency expedited screening in this case and in two other cases that he filed in the same week. Dkt. 8; *see also* Dkt. 7 in case no. 25-254-jdp and Dkt. 6 in 25-265-jdp. And he recently filed a "motion for leave to file an interlocutory appeal" in this case, in which he again asks the court to expedite screening of his complaint. Dkt. 9. I am screening his complaint in this order, so the motions for expedited screening in this case are moot. But the motions for expedited screening in his other cases will be denied. The conduct Williams alleges in those complaints occurred in 2023 and is not ongoing, so there is no reason to screen his complaints ahead of those of other litigants. Williams's complaints will be screened in due course. If Williams files other motions for preliminary relief

or expedited screening, I will review those motions, but I will deny them without screening the complaint if there is no basis for preliminary relief or expedited screening.

ORDER

IT IS ORDERED that:

1. Plaintiff Jovan Williams is GRANTED leave to proceed on Eighth Amendment excessive force claims and Wisconsin law assault and battery claims against defendants Jennifer Nash, Michael Brand, and Officer Arnold.

2. Plaintiff's motion for preliminary injunctive relief, Dkt. 5, is DENIED.

3. Plaintiff's motions for expedited screening and for leave to file an interlocutory appeal, Dkt. 8 and Dkt. 9, are DENIED as moot.

4. Plaintiff's motions for expedited screening of his two other pending complaints, Dkt. 7 in case no. 25-254-jdp and Dkt. 6 in 25-265-jdp, are DENIED. The clerk of court is ordered to file this order in those cases as well.

5. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

6. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on defendants. Plaintiff should not attempt to serve defendants on his own at this time. Under the agreement, the Department of Justice will have 60 days from the date of the Notice of Electronic Filing of this order to answer or otherwise plead to plaintiff's complaint if it accepts service for defendants.

7. For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer or lawyers who will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendants or to defendants' attorney.

8. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

9. Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

10. The clerk of court is directed to send plaintiff a copy of this order.

Entered May 20, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge