IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

               Plaintiff,

v.                                                        OPINION and ORDER

JENNIFER NASH, MICHAEL BRAND,                          25-cv-255-jdp
and BRICE ARNOLD,

               Defendants.

---

Plaintiff Jovan Williams, proceeding without counsel, is an inmate at Columbia Correctional Institution (CCI). He is proceeding on Eighth Amendment excessive force and state-law assault and battery claims against three prison staff members, who he says slammed his head against a desk and struck him in the face while he was restrained.

Defendants move for summary judgment, contending that Williams failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA).[1] The parties agree that Williams didn't submit an inmate complaint about the events at issue in this case, but Williams says that these events were related to a conduct report, so he didn't need to submit a complaint. I conclude that the conduct report did not absolve Williams of the requirement to exhaust his administrative remedies by submitting an inmate complaint. I will grant defendants' motion and dismiss Williams's federal claims without prejudice for failure to

---

[1] Williams moved to strike defendants' motion on the grounds that defendants did not file their reply brief within 15 days after he had filed his opposition brief. Dkt. 32. That motion will be denied. Defendants' reply was timely filed on the deadline set by the court. It was filed more than 15 days after Williams's opposition brief, but that's because Williams filed his opposition brief early.

exhaust his administrative remedies. I will relinquish jurisdiction over Williams's supplemental state-law claims, dismissing them without prejudice to his bringing them in state court.

## BACKGROUND

In May 2024, Williams was involved in an altercation with defendants Brand, Arnold, and Nash, who are all prison staff. Williams says that defendants slammed his head against a desk and that Brand struck him in the face while he was restrained.

Williams received a conduct report for this incident, which accused him of assaulting prison staff, disobeying orders, and disruptive conduct. Dkt. 27-1. He contested the conduct report and was ultimately found guilty of the assault and disobedience charges, but not the disruptive conduct. *Id.* He appealed to the warden, who affirmed the disposition. *Id.* at 10. Other than contesting the conduct report, Williams did not file any other complaints about the May 2024 incident.

## ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo,* 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates

ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. But to complain about issues related to a conduct report, an inmate must raise the issue at the disciplinary hearing and again on appeal to the warden. *See* Wis. Admin. Code §§ DOC 303.78–303.82.

The purpose of the exhaustion requirements is to give prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

The parties agree that Williams did not submit an ICRS complaint about the events he describes in his complaint. Defendants say that that's dispositive because the DOC regulations require inmates to use the ICRS process to complain about prison conditions and staff misconduct. *See* Wis. Admin. Code § DOC 310.06(1).

For his part, Williams contends that the ICRS process was unavailable to him because his claims relate to a conduct report. As a threshold matter, it isn't necessarily true that Williams's excessive force claims relate to a conduct report. As I've observed in previous cases, complaints about excessive force aren't necessarily related to a conduct report just because they arise out of the same incident as the conduct report. An inmate can admit to assaulting staff and still assert that staff used excessive force during the same incident. *Kidd v. Arnold*, No. 21-cv-759-jdp, 2024 WL 1071049, at *2 (W.D. Wis. Mar. 12, 2024) ("claims of excessive force . . . aren't inconsistent with pleading guilty to a disciplinary conviction"); *see also Williams v. Schlacter*, No. 23-cv-708-jdp, 2025 WL 1019954, at *2 (W.D. Wis. Apr. 4, 2025); *LaBrec v. Walker*, No. 16-cv-774-jdp, 2017 WL 4174918, at *2–3 (W.D. Wis. Sept. 20, 2017); *Nelson v. Burns,* No. 16-cv-506-jdp, 2018 WL 801534, at *2 (W.D. Wis. Feb. 9, 2018).

3

In any event, it's not necessary to decide in this case whether Williams's claims truly relate to his conduct report, because even if they do, he still needed to file an ICRS complaint. Williams cites my ruling in *LaBrec v. Walker* for the proposition that "when an inmate is involved in an incident that results in a disciplinary [conviction], that issue/complaint becomes non-grievable." Dkt. 36, at 3 (citing *LaBrec*, 2017 WL 4174918, at *2–3).[2] But the administrative rules for inmate complaints were different when I decided *LaBrec*. At that time, the regulations stated that inmates could not submit ICRS complaints related to conduct reports until they exhausted the disciplinary process, and even then, they could only submit ICRS complaints about procedural issues related to the disciplinary proceedings. Wis. Admin. Code § DOC 310.08(2)(a); (3) (in effect until March 31, 2018). I concluded that these restrictions deprived inmates of a meaningful way to complain about issues that were tangentially related to a conduct report, but that weren't dispositive to their guilt or innocence in the disciplinary proceedings. *LaBrec*, 2017 WL 4174918, at *2–4.

*LaBrec* isn't applicable here because the current DOC regulations don't have the same restrictions that were dispositive in that case. The current regulations still require inmates to exhaust the disciplinary appeal process before submitting an ICRS complaint "regarding . . . disciplinary actions," but they no longer limit ICRS complaints to procedural issues; in fact, they explicitly state that inmates can raise "civil rights claims" related to disciplinary proceedings after exhausting the disciplinary process. Wis. Admin Code. § DOC 310.06(2)(b). That means that even if Williams's claims related to his disciplinary proceedings, he needed to file an ICRS complaint after completing the disciplinary appeal process.

---

[2] Williams moved to submit a surreply to respond to defendants' arguments about *LaBrec*. Dkt. 36. I will grant that motion.

Williams also points to one of his prior cases, *Williams v. Schlacter*, No. 23-cv-708-jdp, 2025 WL 1019954, at *2 (W.D. Wis. Apr. 4, 2025), but that case isn't instructive here either. In *Schlacter*, Williams pleaded guilty to a conduct report for stealing a bracelet, but also asserted that defendants had improperly strip searched him while looking for the bracelet. I held that his failure to contest the conduct report didn't bar his strip search claims, because those claims weren't inconsistent with pleading guilty to the conduct report. *Id.* But the difference between this case and *Schlacter* is that Williams did submit an ICRS complaint in *Schlacter*, which was dispositive to whether he had exhausted his administrative remedies. *Schlacter* does not hold that an inmate can bypass the ICRS process if he receives a conduct report for the same incident that gives rise to his claims. If anything, *Schlacter* supports the defendants' position, because it suggests that issues not directly relevant to an inmate's guilt or innocence need to be grieved through the ICRS process, not the disciplinary process. *Id.*

I conclude that Williams needed to file an ICRS complaint to exhaust his administrative remedies in this case. He didn't do that, so I will grant defendants' motion for summary judgment and dismiss Williams's federal claims without prejudice for failure to exhaust administrative remedies.

The PLRA's exhaustion requirement doesn't apply to Williams's state-law assault and battery claims. *McDaniel v. Meisner*, 617 F. App'x 553, 556 n.3 (7th Cir. 2015). But I will decline to exercise supplemental jurisdiction over those claims. When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (courts usually decline to exercise supplemental jurisdiction over "pendent state-law claims" if "all federal claims are dismissed before trial"). Williams fails to

5

establish that this court could exercise federal diversity jurisdiction over those claims because nothing in the record suggests that there is complete diversity of citizenship between him and each defendant.

ORDER

IT IS ORDERED that:

1. Defendants Jennifer Nash, Michael Brand, and Brice Arnold's motion for summary judgment on exhaustion grounds, Dkt. 25, is GRANTED. Plaintiff Jovan Williams's complaint is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. Williams's motion to strike, Dkt. 32, is DENIED.

3. Williams's motion for leave to file a surreply, Dkt. 36, is GRANTED.

4. Defendants' motion to stay discovery, Dkt. 34, is DENIED as moot.

5. The clerk of court is directed to enter judgment and close this case.

Entered December 23, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge